# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11-cv-46-RJC

| | |
|---|---|
| LADARRION TURNER, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| DOUG NEWTON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that the Complaint must be dismissed because Plaintiff has failed to state a claim for relief as to his claims against Defendants Newton, Medford and Doctor (FNU) (LNU) and Plaintiff failed to exhaust his claim as to the kitchen staff.

**I.     BACKGROUND**

Plaintiff contends that prior to July 2010, he was experiencing "multiple health conditions that [were] debilitating and frightening" for him. (Doc. No.1 at 2). In July 2010, Plaintiff saw the prison doctor for problems with acid reflux. The doctor ordered a sodium-free diet and prescribed Ranitidine, which is generic for Zantac. Plaintiff explained to the doctor that he could not take Zantac because he was allergic and requested that the doctor put him on something else. The doctor convinced Plaintiff to accept his treatment plan. After a few weeks, Plaintiff developed an infection and experienced reactions to the medication including pain and numbness in his hands. Plaintiff filled out a sick call request and requested another doctor because the doctor he had seen was "overly callous." (Id.). The doctor diagnosed Plaintiff with carpal tunnel. At some point, Plaintiff was also taken off Ranitidine. (Id.).

In July and again in August 2010, Plaintiff filed grievances regarding the lack of medical treatment he was receiving. Defendant Doug Newton, E-Unit Assistant Manager, responded that he had spoken to Nurse Medford, who had explained that Plaintiff's medical condition was caused by a "combination of ingested medications" and that a treatment plan had been implemented to treat this concern and that as of Plaintiff's last examination, the doctor had noted that his condition had improved. (Doc. No. 1-1 at 4). Defendant Newton encouraged Plaintiff to be patient so that medical could resolve the issue. Defendant Newton responded to Plaintiff's second grievance, dated August 6, 2010, explaining that he had spoken again to Nurse Medford, who had reported that Plaintiff was "being cared for as per protocol and physician's instructions." Defendant Newton stated that a treatment plan had been implemented and encouraged Plaintiff to follow the treatment plan to resolve his medical issues. (Id. at 2). After his second grievance, the doctor came to see Plaintiff in his cell. Plaintiff requested that he be permitted to see a specialist. (Doc. No. 1 at 3).

Plaintiff contends that he continues to suffer. He alleges that the kitchen staff continues to deprive him of the correct dietary nutrition prescribed by the doctor. He argues that the medical department has misdiagnosed him and prescribed a drug that has injured him. He contends that Nurse Medford "agreed to plaintiff's treatment and has openly shielded her department" and that Doug Newton "has assisted and furthered the continuation of plaintiff's condition by not making further inquiry despite plaintiff's grievances and has agreed with the position of the doctor after finding out that plaintiff was prescribed the wrong medication." (Doc. No. 1 at 3). Plaintiff seeks nominal and punitive damages as well as attorneys fees. (Id. at 5).

## II. DISCUSSION

### A. Kitchen Staff

Plaintiff argues that the kitchen staff have deprived him of the correct dietary nutrition prescribed by his doctor.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. The PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). In cases covered by § 1997e(a), exhaustion of administrative remedies is mandatory. Porter, 534 U.S. at 524. "Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674.

In his Complaint, Plaintiff states that he "has exhausted all administrative remedies (see enclosed attached exhibits)." (Doc. No.1 at 1). He also states in the body of the Complaint that

he included his concerns about not getting the correct food tray in his July 14, 2010 and August 6, 2010 grievances. (Id. at 2 and 3). The Court has reviewed Plaintiff's July 14, 2010 and August 6, 2010 grievances, which are attached to Plaintiff's Complaint, and notes that neither grievance mentions the kitchen staff's alleged failure to comply with a no sodium diet. (Doc. No. 1-1 at 1 and 3). The PLRA requires that an inmate fully exhaust his administrative remedies before filing suit over prison conditions. It is clear from the Plaintiff's filings that he has not fully exhausted all three levels of the grievance process regarding the claim against the kitchen staff. As a result, this claim will be dismissed without prejudice. Anderson, 407 F.3d at 682.

**B.    Defendant Newton**

Plaintiff argues that Defendant Doug Newton "has assisted and furthered the continuation of plaintiff's condition by not making further inquiry despite plaintiff's grievances and has agreed with the position of the doctor after finding out plaintiff was prescribed the wrong medication." (Doc. No. 1 at 3). Plaintiff also argues that despite his grievances in which he complained that the kitchen staff was not complying with the doctor's order for a sodium-free diet, Defendant Newton did not inquire as to why he was not receiving the correct food tray.

With respect to Plaintiff's allegation concerning the kitchen and his food tray, the Court has reviewed the two grievances attached to Plaintiff's Complaint and neither contain any complaint regarding his food tray. As stated above, Plaintiff did not exhaust his claim that the kitchen staff was not complying with his doctor's order for a no sodium diet. Therefore, Plaintiff's claim that Defendant Newton failed to inquire or investigate his claim that the kitchen did not comply with his doctor's order for a no sodium food tray is dismissed.

Plaintiff's allegation that Defendant Newton agreed with the position of the doctor fails to state a claim for relief. Defendant Newton, who is not a doctor, was responsible for responding to

4

Plaintiff's Complaint. In responding to Plaintiff's Complaint, he relied on information provided to him from a nurse supervisor. Such action was not inappropriate, as prison officials are entitled to rely on medical judgments and expertise of prison physicians and medical personnel concerning the course of treatment deemed necessary for prisoners. Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995); Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990). Plaintiff has failed to establish a claim for relief as to Defendant Newton, and this claim will be dismissed.

### C. Nurse Medford

According to his Complaint, Plaintiff argues that Nurse Medford "agreed to plaintiff's treatment and has openly shielded her department." (Doc. No. 1 at 3). In order to state a claim for deliberate indifference under the Eighth Amendment, Plaintiff must establish that the medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff does not allege that Nurse Medford was deliberately indifferent to his serious medical need. Instead, it appears that Plaintiff disagrees with the information Nurse Medford provided to the staff member tasked with investigating his grievance. Plaintiff's conclusory allegation against Nurse Medford does not state a claim for deliberate indifference. This claim, too, must be dismissed.

### D. Unnamed Doctor

Plaintiff argues that an unnamed doctor provided him with inadequate medical care in violation of the Eighth Amendment when he prescribed Ranitidine, a generic equivalent of Zantac, for his acid reflux even though he was aware that Plaintiff was allergic to Zantac. Plaintiff contends that he specifically asked the doctor to "modify his prescription to chewable antacids such a TUMS or prescribe Prevacid . . .", but that his doctor convinced Plaintiff to accept his treatment plan. (Doc.

5

No. 1 at 2). Plaintiff developed an infection and was taken off Ranitidine at some point after he developed the infection and suffered other reactions to the medication.

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle, 429 U.S. at 104. An eighth amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d at 167-68. Disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference. Estelle, 429 U.S. 97. Following Estelle, the Fourth Circuit expressly held that "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, mere negligence or malpractice is not actionable under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Estelle, 429 U.S. at 105-106.

At most, Plaintiff alleges a disagreement with his doctor regarding the proper medication, or perhaps a negligence claim. However, Plaintiff has not met his burden in stating a deliberate indifference claim. This claim thus must be dismissed.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint is **DISMISSED** against Defendants Newton, Nurse Medford, and the Doctor (LNU), as he has failed to state a claim for relief as to these Defendants;

(2) Plaintiff's claim against the MCI Kitchen Staff is **DISMISSED without prejudice** for failure to exhaust his administrative remedies; and

(3) The Clerk shall close this matter, as this Order resolves all claims in the Complaint.

Signed: April 19, 2011

Robert J. Conrad, Jr.
Chief United States District Judge